PALMER S. MIDGETT v. MARTIN KELLOGG, JR., AND F. T. HORNER, EXECUTORS OF THE ESTATE OF CORNELIUS P. MIDGETT, DECEASED.

(Filed 19 September 1962.)

APPEAL by defendants from *Morris, J.,* January 1962 Term of DARE.

Civil action to recover from the executors of the estate of Cornelius P. Midgett, deceased, upon three causes of action: First, upon the following written instrument executed and delivered by Cornelius P. Midgett to plaintiff: "16 October 1958. I, C. P. Midgett, certify that I owe Palmer S. Midgett the sum of Five Hundred Ninety-eight Dollars, Sixty-two Cents ($598.62), for money spent in the operation of the hotel during the summer of 1958. C. P. MIDGETT

C. P. Midgett"; Second, for various items of personal property allegedly purchased and paid for by plaintiff for and in behalf of Cornelius P. Midgett during the year 1959 in the amount of $1,016.15; and Third, for alleged services rendered by plaintiff during the years 1957, 1958, and 1959 to Cornelius P. Midgett in connection with the operation of his (Cornelius P. Midgett's) hotel, known as the First Colony Inn at Nags Head, North Carolina, under an alleged agreement by Cornelius P. Midgett that he would pay plaintiff for his services by devising him an interest in his hotel aforesaid, that Cornelius P. Midgett breached his agreement to devise by devising in his last will and testament his hotel to other persons, and that his services during this period were reasonably worth $8,000.00.

The following issues were submitted to the jury, and answered as appears:

"1. In what amount, if any, are defendant executors indebted to plaintiff by reason of his first cause of action, alleged in the complaint?

"Answer: Full amount, $598.62.

"2. In what amount, if any, are defendant executors indebted to plaintiff by reason of his second cause of action, alleged in the complaint?

"Answer: $800 including interest.

"3. What amount, if any, is plaintiff entitled to recover of the defendant executors, upon a quantum meruit for services rendered by plaintiff to C. P. Midgett during the years 1957, 1958 and 1959?

"Answer: $3,000 including interest."

From a judgment entered in accordance with the verdict, defendants appeal.

*John H. Hall for defendant appellants.*
*LeRoy, Wells and Shaw by J. H. LeRoy for plaintiff appellee.*

PER CURIAM. The jury, under application of settled principles of law, resolved the issues of fact against the defendants. While the defendants' well-prepared brief, and the argument of their counsel, present their contentions forcibly, a careful examination of their assignments of error discloses no new question or feature requiring extended discussion. The case was tried in substantial accord with established principles of law in this jurisdiction, and neither reversible nor prejudicial error has been made to appear sufficient to justify disturbing the trial below. The verdict and judgment are upheld.

No error.